MIDDLESWORTH *et al.* *vs.* NIXON *et al.*

Complainants, as executors, filed a bill to foreclose a mortgage to their testator, describing themselves at the commencement of the bill, as executors of the last will and testament of the testator, and nowhere setting out his death, or their representative character, and making no allusion to the probate of the will: Held, that the bill showed no right of action in the complainants, on which to base a decree.

In an action by executors, it is not competent for the plaintiffs or complainants to prove their office by general reputation.

Appeal from the Circuit Court for the county of Genesee, in Chancery.

*M. Wisner*, for appellants.

*T. J. Drake*, for appellees.

By the Court, WING, P. J.

This case is substantially as follows:

The defendants, or some of them, executed notes and a mortgage, to John Middlesworth. After the notes fell due, this bill was filed by complainants to foreclose the mortgage. In the commencement of the bill the complainants describe themselves as follows: "*Your orators, Isaac R. Middlesworth, and James Middlesworth, of Argentine, Genesee county, Michigan,* executors of the last will of John Middlesworth, late of Argentine, in said county of Genesee," &c. This is all the statement to be found, which sets up the right or interest of the complain-

54

ants, in the note or mortgage, or their right to file a bill for the foreclosure of the mortgage. It is not stated in the stating part of the bill that the mortgagee is dead; that complainants have been appointed executors of his last will and testament, or that they have any interest in the mortgage. There is no legal proof in relation to the rights of complainants, and the point made before this Court is, that the complainants are not entitled to the decree of foreclosure, which was granted by the Circuit Judge, as they have not in their bill, stated 'their interest in the notes and mortgage.

The answer of defendants does not question the right of complainants to file the bill, but seeks to defeat their right to a foreclosure, upon the ground that certain agreements had been made between the original parties to the note which should prevent a decree *being* made against them. The execution of the notes and mortgage was admitted, and proof was taken in support of the defense; but the Circuit Judge held that the defense was not sustained, and as the defendants had not demurred to the bill, or in any manner objected to the statement of the claim of complainants, or their right to sue, he would consider the descriptive statement of complainants in the commencement of the bill, as a statement of the fact that John Middlesworth was dead, and that complainants were his legal executors, and that they urged their claim in that capacity, especially after the complainants had been subjected to so great expense in prosecuting their suit.

This Court, however, has not felt authorized to sustain this decree of the Circuit Court, as the stating part of the bill does not present a case upon which to base such a decree; for if all that the complainants have alleged is fully admitted, it shows no right of action. All that the bill contains in relation to the representative character of the complainants, is found in the descriptive portions of it. No proof could be made of facts, or of a cause of action not set forth in the stating part of the bill. No allusion is made to the probate of the will of John Middlesworth—the payee of the notes—and no substantive averment of facts is made, that would authorize proof on this point.

Again, if it be admitted that the statement of complainants interest in the notes, or their right to sue, is sufficiently set forth, we think it is not sufficiently proved. The complainants offered to prove by general.

reputation, that they were executors of the last will of John Middles-worth.   To this proof the defendants objected; but the Court admitted the proof.   It is true, the reason for the objection is not a very sound one; but the objection is nevertheless valid, and the evidence should have been excluded.

It is the judgment of this Court that the decree of the Circuit Court be reversed with costs, and that the case be remitted to the Circuit Court for further proceedings.